UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK BAKER** et al., | 19-12963 |
| Plaintiffs, | ORDER GRANTING: |
| vs. | (1) MOTION TO INTERVENE, AND |
| **IRON WORKERS' LOCAL 25 VACATION PAY FUND**, et al., | (2) MOTION FOR LEAVE TO FILE MOTION TO SET ASIDE CLERK'S DEFAULT |
| Defendants. | HONORABLE TERRENCE G. BERG |

Before the Court are Proposed Intervenors' Motion to Intervene (ECF No. 7) and Motion to be Allowed to File Motion to Set Aside Clerk's Default (ECF No.14).

## I. Background

Plaintiffs Patrick Baker, Richard J. Sawhill, and James Buzzie are three of the six trustees of Defendant Iron Workers' Local 25 Vacation Pay Fund ("the Fund"). Iron Workers' Local 25 Vacation Pay Fund is an ERISA-governed vacation benefits fund created by the Great Lakes

1

Fabricators and Erectors Association and the Local No. 25, International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, A.F.L., C.I.O. Compl. ¶ 5, ECF No. 1, PageID.2. Plaintiffs seek a declaratory judgment that would require Defendant to amend the Form 990 it filed with the IRS in connection with its 2018 taxes. *Id.* at ¶ 54, PageID.14.

On November 13, 2019, Michael Randick, Dennis Aguirre, and Wayne Coffell—the other three trustees of the Iron Workers' Local 25 Vacation Pay Fund—filed a motion to intervene as defendants in this matter. ECF No. 7. The Proposed Intervenors, who oppose Plaintiff's efforts to compel the Fund to file a new Form 990, contend that the Fund is in compliance with the IRS and that this case is nothing more than a dispute between the six trustees over how to file the Fund's taxes. *Id.* at PageID.24; ECF No. 13, PageID.157. Proposed Intervenors claim that they are the real parties in interest in this case because the Defendant, which has not filed an appearance nor participated in this action, has no means to defend itself apart from the actions of the board of trustees. *Id.* at PageID.25.

## II. Motion to Intervene

### a. Contentions

Proposed Intervenors contend that they meet the criteria for both intervention as a matter of right and permissive intervention under Federal Rule of Civil Procedure 24. Fed. R. Civ. P. 24(a)–(b). The Proposed Intervenors argue that their status as trustees with fiduciary duties to the fund creates a sufficient interest in the fund to participate in this action as a defendant. ECF No. 7, PageID.38. Proposed Intervenors further claim that they have an interest relating to the transaction that is the subject of the lawsuit and that Defendant is otherwise unable to defend itself, given that it cannot respond to the Complaint without approval from a majority of the trustees and is therefore unable to represent its interests. *Id.* at PageID.36.

Plaintiffs contend that intervention by the Proposed Intervenors is not necessary because the Proposed Intervenors' interests are "already protected by the Plaintiff Trustees' claims." ECF No. 9, PageID.133. Plaintiffs assert that it is in the best interest of all members of the board of trustees to file accurate tax forms with the IRS. *Id.* at PageID.141.

### b. Legal Standard

Federal Rule of Civil Procedure 24(a)(2) provides in pertinent part:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In this Circuit, a party moving to intervene under Federal Rule of Civil Procedure 24(a)(2) must satisfy four requirements before intervention as of right will be granted: 1) timeliness of the application to intervene; 2) the applicant's substantial legal interest in the case; 3) impairment of the applicant's ability to protect that interest in the absence of intervention; and 4) inadequate representation of that interest by parties already before the court. *See Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 862 (6th Cir. 2000).

### c. Discussion

As far as the Court can discern from reviewing the pleadings, this case appears to be a dispute between two three-member factions of a six-member board of trustees who are feuding over the question of whether the Fund must correct its 2018 tax filings. Plaintiff trustees believe that

4

the Fund may be out of compliance and must update its tax forms. Proposed Intervenor trustees believe that the Fund is in compliance and no correction is necessary.

Plaintiffs initiated this action by filing the Complaint on October 9, 2019 (ECF No. 1), and Proposed Intervenors filed a motion to intervene on November 13, 2019 (ECF No. 7). A Clerk's default was obtained by Plaintiffs on November 27, 2019 (ECF No. 11), but no default judgment has been sought and the Court has not ruled on any motions in this case. Given that this case remains in its infancy, it is clear that the Proposed Intervenors sought to intervene in a timely manner. The first factor weighs in favor of intervention. *See Jordan*, 207 F.3d at 862.

Proposed Intervenors have a fiduciary duty to the Fund, and they do not believe that an updated tax form needs to be filed. If Plaintiffs succeeded in obtaining the declaratory judgment they seek, the Fund would be ordered to file an updated tax form over the objection of the Proposed Intervenors. Thus, Proposed Intervenors have an interest adverse to the Plaintiffs that they seek to protect in this action. The second factor weighs in favor of intervention. *See Jordan*, 207 F.3d at 862.

The Fund itself, the only remaining[1] Defendant in this case, has failed to respond to the Complaint. Proposed Intervenors assert that the Fund has not done so because a majority of the board of trustees must vote to authorize the Fund to defend itself—and that such majority approval is not possible because half of the trustees are plaintiffs in this action. ECF No. 13, PageID.157. This action would otherwise proceed to a default judgment without any party representing the interests of the Fund or the Proposed Intervenors; factors three and four thus weigh in favor of the Proposed Intervenors. *See Jordan*, 207 F.3d at 862.

All four of the factors the Court must consider in this Circuit weigh in favor of allowing the motion to intervene. Consequently, the Motion to Intervene (ECF No. 7) will be granted.

### III. Motion to be Allowed to File Motion to Set Aside Clerk's Default

As a result of this Order, Proposed Intervenors are parties to this action. Therefore, their Motion to be Allowed to File a Motion to Set Aside Clerk's Default (ECF No. 14) will be granted.

---

[1] Defendant BeneSys, Inc. was voluntarily dismissed from this action on November 7, 2019. ECF No. 6.

## IV. Conclusion

For the reasons stated above, it is hereby ordered that Proposed Intervenors' Motion to Intervene (ECF No. 7) and Motion to be Allowed to File Motion to Set Aside Clerk's Default (ECF No.14) are **GRANTED. IT IS FURTHER ORDERED** that Intervenors shall file the motion to dismiss attached as Exhibit B (ECF No. 7-3) within seven (7) days of the entry of this Order.

**SO ORDERED**

DATED this 18th day of February, 2020.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge